**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FODIES R. MCBRIDE and LOIS )
TRASK, )
            )
          Plaintiffs, )
            )    No. 24 C 08442
        v. )
            )    Judge John J. Tharp, Jr.
ALLSTATE INSURANCE CO et al. )
            )
          Defendants. )
            )

## ORDER

The plaintiffs' complaint [1], [2] is dismissed without prejudice for lack of subject matter jurisdiction. The plaintiffs are directed to re-file, by October 25, 2024, a single complaint that adequately alleges facts establishing this Court's subject matter jurisdiction. Failure to timely comply will result in dismissal of this action.

## STATEMENT

The plaintiffs have filed two substantially different complaints in this action without indicating whether one supersedes or otherwise amends the other. *See* Dkt. No. 1, 2. In any case, neither filing adequately alleges facts establishing this Court's subject matter jurisdiction.

The plaintiffs' first complaint appears to allege that defendants Allstate Insurance Co. and its agent William Ranson refused to pay plaintiffs' insurance claim and otherwise engaged in "intentional misconduct" causing "emotional … physical[] and financial distress." Compl., Dkt. No. 1 at ¶¶ 1-6. But the complaint does not allege a violation of a federal law so as to trigger this Court's jurisdiction under 28 U.S.C. § 1331. Nor does the complaint identify the states in which any of the plaintiffs or defendants are domiciled—a prerequisite for jurisdiction under § 1332. In the absence of any other jurisdiction-conferring statute—the complaint cites none—the Court lacks a basis to exercise subject matter jurisdiction over the plaintiffs' claims.

The second complaint fares no better. The plaintiffs claim that defendants Village of South Chicago Heights, Police Sergeant Billy Joyce, and Cathy Linan entered plaintiff McBride's home without a warrant, arrested him, and boarded up his home due to allegedly unpaid bills—and on another occasion forcibly transferred him to a homeless shelter where he was beaten. The complaint falls short, however, of identifying a federal statute that the defendants' alleged conduct violated. Nor does it plead diversity jurisdiction.

Because neither complaint adequately alleges subject matter jurisdiction, the Court dismisses both without prejudice. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (emphasizing that federal courts have an independent obligation to assure themselves of their own

jurisdiction). To proceed with their lawsuit, plaintiffs McBride and Trask must file a single consolidated complaint that includes all claims against the various defendants and articulates the basis for this Court's jurisdiction.

Dated: September 25, 2024

John J. Tharp, Jr.
United States District Judge

2